NOT FOR PUBLICATION [19, 25]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MILTON DURHAM, | : | |
|     Plaintiff, | : | Civil Action No.: 09-5376 (FLW) |
|     v. | : | **OPINION** |
| NJSP-CO VEKIOS, | : | |
|     Defendant. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is an appeal by Plaintiff, pro se Milton Durham ("Plaintiff") from an Order dated February 14, 2011 (the "February 14 Order") by Magistrate Judge Douglas E. Arpert ("Magistrate Judge") denying, in relevant part, the following: (1) Plaintiff's request for a 90 day extension to amend his Complaint; (2) an Order that Defendants "cease and desist interference with Plaintiff['s] access to the Court"; and (3) a prior request by Plaintiff to delay deductions from Plaintiff's inmate account for the $350 filing fee (Dkt. 11). In addition, the Court will consider a Motion for Injunctive Relief filed by Plaintiff on June 7, 2011. For the reasons that follow, the Court denies Plaintiff's appeal and will affirm the Magistrate Judge's February 14 Order in its entirety. In addition, the Court will deny Plaintiff's Motion for Injunctive Relief.

**I. FACTS AND PROCEDURAL HISTORY**

On October 22, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights, and, specifically, that on October 6, 2007, while Plaintiff was returning to his cell from the showers, Defendant Vekios came into Plaintiff's unit yelling insults and foul language at Plaintiff.  In addition, Plaintiff alleges that moments after his cell door closed, Vekios punched Plaintiff on the side of his head with his fist.  Plaintiff alleges that he received medical treatment the next day, after he submitted a medical request form.  Plaintiff also named as a defendant administrator Michelle Ricci, whom he alleged failed to protect him from the assault and failed to properly train and/or supervise Defendant Vekios.

In an opinion dated December 22, 2010, this Court granted Plaintiff in forma pauperis status and permitted him to proceed with a civil suit alleging Eighth Amendment violations against Defendant Vekios and to amend his complaint by January 22, 2011. Dkt. No. 9. However, the Court dismissed Plaintiff's claim against Ricci and denied plaintiff's request for counsel without prejudice. On January 14, 2001, Plaintiff requested that the Magistrate Judge delay the statutory deductions of $350 – the amount of the court filing fee –  from his inmate account for a period of one year. On February 3, 2011, Plaintiff moved for an additional ninety-day extension to file an Amended Complaint, for a further thirty-day extension to amend this complaint, and for an Order requiring the Defendant to stop "interfering with Plaintiff's access to this Court by confiscating legal and writing material and to provide a [sic] inmate paralegal trained in Federal civil law." Dkt. No. 13 at 1.  On February 14, 2011, the Magistrate Judge granted Plaintiff a thirty-five day extension, until March 21, 2011, to file an Amended Complaint and denied Plaintiff's other requests.  Plaintiff never filed an Amended Complaint and, on March 4, 2011, Plaintiff filed the instant appeal of the Magistrate Judge's February 14 Order.

Thereafter, on June 7, 2011, Plaintiff filed a Motion for Injunctive Relief in which he sought the "return of legal materials taken from his cell by prison guards [on] March 17, 2011" and, it appears, an Order restraining the Department of Corrections from confiscating his property in the future. See Pl's Mot. at 3.

**II. DISCUSSION**

1.  APPEAL

A.   Standard of Review

A Magistrate Judge may "hear and determine any [non-dispositive] pretrial matter pending before the court." Cardona v. Gen. Motors Corp., 942 F. Supp 968, 971 (D.N.J.1996) (quoting 28 U.S.C. § 646(b)(1)(A)); see also Fed. R. Civ. P. 72(a). A higher court will only reverse a Magistrate Judge's decision on such non-dispositive issues if the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1). A Magistrate Judge's finding is clearly erroneous, even if there is some evidence to support it, when the reviewing court "is left with the definite and firm conviction that a mistake has been committed" after considering the entirety of the evidence. Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.1990) (quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J.2000) (citations omitted).

In contrast, "the phrase 'contrary to law' indicates plenary review as to matters of law." Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); accord In re Human Tissue Prods. Liab. Litig., No. 06-135(WJM), 2009 WL 1097671, * 1 (D.N.J. Apr.23, 2009) (citation omitted).

3

See also, Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 66 (D.N.J.2001) ("[T]his Court will conduct a de novo review of a Magistrate Judge's legal conclusions."); accord Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 199, 127 (D.N.J. 1998). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J.2008) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J.1998)).

When a Magistrate Judge is authorized to exercise discretion, the decision will be reversed only on finding of an abuse of discretion. Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997); see also Kresefsky v. Panasonic Communications and Systems Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.")

B. Plaintiff's Request to Extend Time for Payment of Court Filing Fees

Initially, Plaintiff appeals the Magistrate Judge's Order denying his request to delay, for a period of one year, the statutory deductions from his inmate account to cover the costs of the $350 court filing fee. Specifically, Plaintiff contends that the Magistrate Judge failed to cite any reason to deny Plaintiff's request to delay the deductions and, moreover, that "[a]long with Plaintiff['s] other financial obligations, begining [sic] these 20% deductions now, would virtually kill his ability to afford this litigation." For the reasons discussed below, the Court will affirm the Magistrate Judge's decision.

Initially, the Court notes that the Prison Litigation Reform Act of 1995 (the "PLRA") establishes, among other things, certain financial requirements for prisoners attempting to bring civil actions in forma pauperis. Importantly, and in relevant part, if a prisoner is granted in forma pauperis status, the prisoner must still pay the full amount of a $350.00 filing fee under the PLRA. 28 U.S.C. § 1915(b)(1). Specifically, section 1915(b)(1) provides that, "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of– (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." Indeed, as the Third Circuit explained, "although a prisoner may obtain IFP status under the PLRA, this does not result in a waiver of the fees—it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account." Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009).  Thus, because Plaintiff is filing a civil suit, he falls within the ambit of the PLRA and, as a result, is required to pay the relevant court costs regardless of his IFP status.

Moreover, the Court notes that Plaintiff has cited no authority by which a court may "delay" the assessment or payment of the statutory fees. Indeed, the Court notes that the statute mandates that a court must assess and, only when relevant funds exist, collect, a portion of the filing fee from an inmate's account. Because the deductions from an inmate's account are a creature of statute, and because Plaintiff has provided no reason why this Court should delay the assessment of the fee or deductions from the account, or for that matter, any authority pursuant to

which this Court could delay the assessment or deduction, the Magistrate Judge's decision regarding the filing fees is affirmed.

C. Plaintiff's Request to Extend Time to File Amended Complaint

Next, Plaintiff appeals the Magistrate Judge's decision denying Plaintiff's request for a 90-day extension to file an Amended Complaint. In the underlying matter, the Magistrate Judge granted Plaintiff a 35-day extension within which to file an Amended Complaint. On appeal, Plaintiff contends that a 90-day extension would allow him "some time to either find counsel or research enough law to further litigate this case." Docket No. 13 at 2. Because the decision to grant an extension is a matter of discretion left to a Magistrate Judge, and because Plaintiff has in no way established that the Magistrate Judge abused his discretion by granting a 35-day extension rather than a 90-day extension, especially in light of other extensions that Plaintiff had received, the Court will affirm the Magistrate Judge's decision.[1]

D. Plaintiff's Right to Access the Courts

Finally, Plaintiff appeals the Magistrate Judge's Order denying his request to order Defendant "to refrain from interfering with Plaintiff['s] access to this Court by confiscating legal and writing materials and to provide an inmate paralegal trained in Federal civil law to assist

---

[1] In addition, the Court notes that Plaintiff has yet to file an Amended Complaint despite the fact that, at this point, he has had the equivalent of an additional 6 month period of time within which to file an Amended Complaint.

Plaintiff at least once per month until this case is decided." Dkt. 13.  For the reasons that follow, the Court will affirm the Magistrate Judge's decision.

Initially, the Court notes that, as discussed above, Plaintiff's Complaint only alleges that he suffered damages following an incident in which he was allegedly punched in the head by Defendant Vekios.  Nowhere in the Complaint does Plaintiff include any factual assertions or legal theories concerning an alleged inability to access the courts, legal materials or an inmate paralegal.  Importantly, it is well-established that "adding claims to a pleading is properly done by amending the complaint."  Tirone v. Trella, No. 03-257, 2007 WL 3170098, at *6 (D.N.J. Oct. 29, 2007); see also Carr v. Gillis Associated Industries, Inc., 227 Fed. App'x 172, 176 (3d Cir. 2007) ("District Courts have broad discretion to disallow the addition of new theories of liability at the eleventh hour."); Speziale v. Bethlehem Area Sch. Dist., 266 F.Supp.2d 366, 371 n. 3 (E.D.Pa.2003) ("Plaintiff's counsel cannot reasonably expect to amend the complaint after the close of discovery merely by raising new arguments in the responsive papers"); OTA P'ship v. Forcenergy, Inc., 237 F.Supp.2d 558, 561 n. 3 (E.D.Pa.2002) (holding that a new claim that was first raised in opposition to a motion for summary judgment was "too late").  Thus, to the extent that Plaintiff requested relief from the Magistrate Judge for harm that was not alleged in the Complaint, including, in relevant part, unpled allegations regarding denial of access to the courts, legal documents or an inmate paralegal, the Magistrate Judge properly denied such relief. Moreover, in the underlying Order, the Magistrate Judge provided Plaintiff with 35 days within which to file an Amended Complaint, presumably, to add allegations concerning Plaintiff's as yet unpled theories regarding his inability to access the courts, legal materials or an inmate paralegal. Because the Magistrate Judge granted Plaintiff the opportunity to amend his Complaint, and

because Plaintiff did not – and has not – filed an Amended Complaint, the Court will affirm the Magistrate Judge's decision without regard to the substance of Plaintiff's requests.

In that regard, the Court notes that because Plaintiff's allegation concerning his inability to access his legal materials or an inmate paralegal appear to assert new claims concerning a "fundamental constitutional right of access to the courts," Bounds v. Smith, 430 U.S. 817, 822 (1977), it would be improper for this Court to guess at the factual bases underpinning Plaintiff's grievances.  Thus, to the extent Plaintiff believes that he has suffered some new constitutional harm, he must amend his Complaint to reflect the factual and legal bases for such harm or file a new Complaint.

2.  Plaintiff's Request for a Temporary Restraining Order

On June 7, 2011, Plaintiff filed a "Request for a Temporary Restraining Order or Other Court Assistance in Retrieving his Legal Materials from Defendant."  In essence, Plaintiff appears to seek an Order requiring the New Jersey State Prison to return legal materials that were allegedly taken from Plaintiff's cell on March 17, 2011.   For the reasons set forth below, Plaintiff's request is denied.

Initially, the Court notes that the only Defendant named in this action is Officer Vekios. Thus, although Plaintiff appears to seek relief from the New Jersey State Prison, that entity is not a Defendant in this lawsuit.  Moreover, Plaintiff has in no way connected Defendant Vekios to the alleged loss of his legal materials. Thus, before this Court can even reach the merits of Plaintiff's claim for injunctive relief, Plaintiff must amend his Complaint to reflect the proper

parties from whom he seeks relief as well as to include factual allegations and legal bases supporting his claim for denial of access to the Courts and/or return of his legal materials.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Appeal of the Magistrate Judge's February 14, 2011 Order and denies Plaintiff's Request for a Temporary Restraining Order. Indeed, as emphasized throughout the Opinion, to the extent that Plaintiff believes he has suffered additional harms above and beyond the alleged physical altercation with Defendant Vekios, Plaintiff must amend his Complaint to reflect the parties responsible for these harms as well as to provide a factual and legal background by which the Court and Plaintiff's adversaries can understand and respond to his claims.

Dated: August 22, 2011                                          /s/ Freda L. Wolfson

                                                                Freda L. Wolfson, U.S.D.J.